UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGNA MIRRORS OF AMERICA, INC.,

    Plaintiff,

Case No. 09-12306

v.

HONORABLE SEAN F. COX
United States District Judge

DURA OPERATING CORP., *et al.*,

    Defendants.
_____/

OPINION & ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS [Doc. No. 11]

Plaintiff Magna Mirrors of America, Inc. ("Magna") filed this declaratory action on June 15, 2009, seeking adjudication of several patents owned by Dura Operating Corp. ("Dura") as invalid and unenforceable. This action was listed as a possible companion case to an action filed by Dura in the Eastern District of Texas [*See* E.D. Tex. Case No. 08-000455]. The matter is before the Court on Dura's Motion to Dismiss [Doc. No. 11], in which Dura argues that this case should be dismissed in favor of Dura's first-filed action in the Eastern District of Texas. The parties have fully briefed the issues, and the Court declined to hear oral argument pursuant to L.R. 7.1(f)(2). For the reasons below, the Court **GRANTS** Dura's motion [Doc. No. 11].

BACKGROUND

Dura filed its complaint in the Eastern District of Texas ("the Texas action") on November 26, 2008, alleging that Magna infringed upon the claims of several Dura-owned patents: U.S. Patent Nos. 5,522,191; 5,799,449; 5,442,880; and 5,551,193 ("the patents-in-suit").

The defendant in a patent infringement action will often file a declaratory action

1

counterclaim, in which the defendant will seek an order invalidating the patents they are alleged to have infringed upon. Instead of filing this declaratory action as a counterclaim in the Texas action, however, Magna instead chose to file its claim in the Eastern District of Michigan.[1]

In the instant action, Magna seeks an order from the Court invalidating the patents-in-suit - the same patents involved in the Texas action. Magna filed its complaint in the instant action on June 15, 2009 - roughly seven months after Dura filed its complaint in the Texas action, and after Magna had been served with Dura's complaint.

Dura filed this motion on November 25, 2009, arguing that Magna's action should be dismissed in favor of Dura's first-filed complaint in the Texas action.[2] [*See* Def.'s Br., Doc. No. 11, p.1]. Magna opposes Dura's motion to dismiss, arguing that Dura's decision to file the Texas action there - rather than in this Court, where the parties are already engaged in litigation - is evidence of forum-shopping. [Pl.'s Br., Doc. No. 13, p.1].

## ANALYSIS

The first-to-file rule is "a well-established legal doctrine that encourages comity among federal courts of equal rank." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007). According to the Sixth Circuit:

> The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was

---

[1] Though the named parties are not exactly the same in each case, currently there is another patent infringement action pending before this Court: *Dura Global Technologies, Inc. et al. v. Magna Donnelly Corp.*, E.D. Mich. Case No. 07-10945. In that action - in which the parties are represented by the same attorneys who represent the parties to the instant action - Dura has alleged that Magna infringed upon other, different patents owned by Dura, and has also alleged that Magna engaged in unfair competition and trade secret misappropriation.

[2] The Court need not reach Dura's second argument regarding dismissal of Dura Automotive Systems, Inc. as an improperly joined party to this lawsuit.

2

filed should generally proceed to judgment.

*Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. July 31, 2001). Applied to this case, Dura argues that the first-to-file rule counsels this Court to dismiss the instant action in favor of Dura's first-filed Texas action. [*See* Def.'s Br., Doc. No. 11, p.1].

In opposition to Dura's motion, Magna advances two arguments: 1) that "the 'first-filed' rule is not mandatory, and has many exceptions that are applicable to this case. . . ;" and 2) that this Court should hold a decision on the instant motion "in abeyance pending a decision from the Eastern District of Texas" on Magna's own motion to dismiss in the Texas action. [*See* Pl.'s Br., Doc. No. 13, p.1]. Neither of these arguments have merit.

    I. <u>Jurisdiction in the Texas Action is Not Properly a Question for This Court</u>.

A preliminary matter bears comment. Much of Magna's argument centers around the propriety of the Texas action being tried in the Eastern District of Texas - as opposed to the Eastern District of Michigan, where Magna contends these suits should properly be litigated. There is a motion to dismiss or transfer, filed by Magna, pending in the Texas action, though to date that motion has not been scheduled for oral argument.

In support of its arguments in opposition to the instant motion, Magna relies primarily upon two recent opinions it deems analogous to the facts of the instant case: *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2009), and *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009). In both cases, the Federal Circuit granted writs of mandamus, and ordered the Eastern District of Texas to reverse prior holdings that denied motions to transfer patent infringement suits pursuant to 28 U.S.C. § 1404(a). *See TS Tech* at 1323, *Genentech* at 1348.

Relying upon these cases, Magna argues that "[a] 'robust consideration' of the 28 U.S.C.

§ 1404(a) factors dictate that Michigan is the best venue to continue to litigate th[ese] disputes." Manga also argues - in the instant motion - that the Eastern District of Texas may not exercise personal jurisdiction over Magna in the Texas action. *Id*. at 15.

This motion, however, is not a motion to transfer pursuant to 28 U.S.C. § 1404(a), nor is it a motion to dismiss the Texas action for lack of personal jurisdiction - it is a motion to dismiss Magna's declaratory action under the first-to-file rule. Magna already has a motion to dismiss for lack of personal jurisdiction pending before the Eastern District of Texas. It also has a concurrent motion to transfer pursuant to 28 U.S.C. § 1404(a) pending before that forum. Those issues are properly left for the Eastern District of Texas to consider, not this Court.

*TS Tech* and *Genentech* - heavily relied upon by Magna in opposing the instant motion - themselves demonstrate the impropriety of Magna's current procedural tactic. While both of those cases ultimately held that a forum other than the Eastern District of Texas was the proper forum in which the involved litigation should proceed, both *TS Tech* and *Genentech* outlined the correct process for Magna to raise those issues - a process far different than that pursued by Magna in opposition to the instant motion.

When a defendant accused of patent infringement in an action filed in a particular forum objects to the propriety of personal jurisdiction in that forum - or that a more appropriate forum exists pursuant to 28 U.S.C. § 1404(a) - the proper recourse for that defendant is *to file a motion to dismiss and/or transfer within that forum*. If the forum denies that motion, the proper recourse for the defendant is to then *file a petition for writ of mandamus before the Federal Circuit*. By filing its motion to dismiss or transfer in the Texas action, Magna has already begun that process: either Magna will win its motion, in which case the Eastern District of Texas will likely

4

transfer Dura's merits action, or the motion will be denied and Magna is free to pursue a writ of mandamus.

*TS Tech* and *Genentech* do not, however, support Magna's current attempt to circumvent that process by simply filing the instant declaratory action in the Eastern District of Michigan, and then asking for this Court to engage in *the same evaluation of personal jurisdiction and the section 1404(a) factors as that which is currently before the Eastern District of Texas*. Magna's arguments to the contrary lack merit.

II. <u>Dismissal of Magna Donnelly's Declaratory Action is Warranted</u>.

Magna argues that "trial courts have discretion to make exceptions" to the general, first-to-file rule ". . . in the interests of justice or expediency, as in any issue of choice of forum." [Pl.'s Br., Doc. No. 13, p.10]. Particularly, Magna relies upon the Sixth Circuit's holding in *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007) for the proposition that the first-to-file rule should not be applied "where there is evidence that the first action was an anticipatory suit or involved forum shopping." [Pl.'s Br., Doc. No. 13, p.10]. Magna argues as follows:

> In this case, Dura filed a Texas Action where. . . every claim, witness, and party is located in Michigan and Dura had previously filed similar actions in the Eastern District of Michigan. Dissatisfied by its performance in the action previously filed in Michigan before this Court, Dura sought to forum shop by filing the Texas action. This is classic behavior that warrants suspension of the "first filed" rule.

*Id*. at 10-11 (footnote omitted).

As Dura argues in its response brief, Magna "offers no facts and only attorney argument to persuade the Court that forum shopping has occurred." [Def.'s Reply, Doc. No. 18, p.2]. Indeed, the fact that Dura has filed *other* patent infringement claims in the Eastern District of

5

Michigan, in and of itself, does not support a conclusion that Dura filed *the Texas action* in an effort to forum shop. Further, even if it is true that "every claim, witness and party is located in Michigan," these facts, on their own, do not support an inference of forum shopping.

Again, Dura filed the Texas action *roughly seven months* before Manga filed this action. Both parties agree that these suits are companion cases, and neither party disputes that the two cases should therefore be consolidated: all that is in dispute is whether the Eastern District of Texas or the Eastern District of Michigan is the proper forum for these claims to proceed.

As the Federal Circuit has noted, "the general rule favors the forum of the first-filed action, whether or not it is a declaratory judgment action." *Micron Tech., Inc. v. Mosaid Tech., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008). The Sixth Circuit also agrees with this proposition. *See, e.g., Certified Restoration Dry Cleaning*, 511 F.3d at 551.

*Certified Restoration Dry Cleaning*, relied upon by Magna in support of it opposition to dismissal, belies Magna's arguments. Rather than merely highlighting the exceptions to the first-to-file rule, as Magna argues, *Certified Restoration Dry Cleaning* announces a general intent *to give deference to the merits plaintiff's choice of forum, as opposed to the declaratory action plaintiff's choice of forum*. As the Sixth Circuit held:

> [T]he first-filed rule is not a strict rule and much more often than not gives way *in the context of a coercive action filed subsequent to a declaratory judgment [action]*.

*Id*., citing *Amsouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (emphasis added). The Sixth Circuit, 511 F.3d at 551-52, relied upon the following quote from one of their unpublished cases:

> District courts have the discretion to dispense with the first-to-file rule where equity so demands. A plaintiff, *even one who files first*, does not have a right to bring a declaratory action in the forum of his choosing.

6

*Zide Sport Shop*, 16 Fed. Appx. at 437 (internal citations omitted) (emphasis added). The Northern District of Ohio cogently summarized similar arguments as follows:

> Cases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, a presumption that a first filed declaratory judgment action *should be dismissed or stayed in favor of the substantive suit*. This exception to the first to file rule will be applied *where the parties and issues are the same*, or essentially so, and it appears that the first filed suit was brought in anticipation of forthcoming suit by the substantive plaintiff.

*UAW v. Dana Corp.*, 1999 WL 33237054, *6 (N.D. Ohio Dec. 6, 1999) (emphasis added). Thus, even in cases where a declaratory judgment action is filed before a substantive, merits-based lawsuit, there is a presumption that the declaratory action should be dismissed in favor of the forum chosen by the merits plaintiff.

Here, *Magna was not even the first to file suit*. Dura filed its patent infringement suit in the Eastern District of Texas *roughly seven months before Magna filed its declaratory action*. Magna concedes that these should properly be considered companion cases. Federal and Sixth Circuit case law therefore counsels that Magna's declaratory action suit should be dismissed in favor of the forum chosen by Dura for its merits lawsuit. Again, as explained *supra*, if Dura's choice of forum in the Eastern District of Texas was improper, that issue is one for the Eastern District of Texas and for the Federal Circuit to consider.

### III. No Reason Exists for This Court to Hold the Instant Motion in Abeyance.

Because of the presumption favoring a merits plaintiff's choice of forum, there is no reason for this Court to hold the instant motion in abeyance while the Eastern District of Texas evaluates Magna's motion to dismiss or transfer in that case. If the Eastern District of Texas sides with Magna's arguments, that court has the power to transfer the Texas action to a more

appropriate forum. Importantly, *even if the Eastern District of Texas chooses to transfer that action*, that court will not necessarily choose to transfer the case *to the Eastern District of Michigan*. While this Court may be a *potential* forum for Dura's patent infringement suit to be brought, *where the Texas action should be transferred to is also properly an issue for the Eastern District of Texas*. As this Court defers to Dura's choice of forum, no reason exists for the Court to hold this motion in abeyance pending a decision on Magna's motion.

## CONCLUSION

For the reasons explained above, the Court **GRANTS** Dura Global's Motion to Dismiss [Doc. No. 11].

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 9, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager